■ In the Matter of HASAN RAQIYB, Appellant, v GEORGE J. BARTLETT, as Superintendent of Elmira Correctional Facility, et al., Respondents.—Appeal from a judgment of the Supreme Court (Swartwood, J.), entered November 27, 1991 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Superintendent of Elmira Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

We reject petitioner's contention that he was improperly denied employee assistance. Even if we were to find that petitioner's destruction of the documents and paperwork presented to him by his employee assistant did not constitute a waiver of his right to assistance *(see, Matter of Peart v Kelly,* 134 AD2d 843, *lv denied* 71 NY2d 801), it is clear from the record that all material witnesses requested by petitioner testified, and petitioner thus suffered no prejudice from any denial of employee assistance *(see, Matter of Irby v Kelly,* 161 AD2d 860; *Matter of Serrano v Coughlin,* 152 AD2d 790). We also reject petitioner's argument that the hearings were untimely. Extensions were properly granted due to the unavailability of the employee assistant *(see, Matter of Agosto v Coughlin,* 153 AD2d 1008). In addition, the Hearing Officer properly

adjourned the hearing to locate witnesses requested by petitioner (7 NYCRR 251-5.1; *see, Matter of McCoy v Leonardo,* 175 AD2d 358). In any event, the hearings were commenced and completed within the times required by the applicable regulation (7 NYCRR 251-5.1). Finally, given that the separate misbehavior reports were based upon different observations of specific and distinct actions by petitioner, his double jeopardy claim also lacks merit *(see, Matter of Fletcher v Coughlin,* 161 AD2d 869).

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.