■ In the Matter of Jose Robles, Petitioner, v Donald Selsky, as Director of Special Housing, Department of Correctional Services, Respondent. [647 NYS2d 131] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In February 1995, petitioner was an inmate at Great Meadow Correctional Facility in Washington County. He was entertaining a visitor in the facility's crowded visiting room, when a correction officer observed that petitioner had received something from his visitor which he was holding in his left hand. Petitioner refused two direct orders from the correction officer to drop whatever was in his hand, instead placing the item in his mouth and swallowing it. Petitioner was then transported to Glens Falls Hospital where he was induced to vomit up the item, which was determined to be a cellophane package approximately one inch long and $1/2$-inch wide. Subsequent test results relating to the contents of the package were inconclusive. Petitioner was thereafter charged with possession of a controlled substance and refusing to obey a direct order.

Following a tier III hearing, petitioner was found guilty only of the charge of refusing to obey a direct order and was sentenced to 180 days in the special housing unit with a commensurate loss of privileges and with the loss of 180 days of good time. After this determination was confirmed upon administrative appeal, petitioner commenced the instant CPLR article 78 proceeding.

We reject petitioner's contention that the determination of his guilt was not based upon substantial evidence. The misbehavior report was, by itself, "sufficiently relevant and probative" to support the determination of guilt (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617; *see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). The report was, in addition, bolstered by the admission in evidence of the "Use of Force Report", setting forth a description of the misbehavior in question which was fully consistent with the incident described in the misbehavior report. These documents, together with the testimony of two correction officers and two inmates who had observed the incident as well as that of two nurses who had treated petitioner after he swallowed the envelope, were sufficient to constitute substantial evidence of petitioner's guilt

(see, Matter of Murray v Coombe, 226 AD2d 857; Matter of Gottilla v Lacy, 216 AD2d 615). Petitioner's assertion of innocence raises an issue of credibility which was appropriately resolved by the Hearing Officer (see, Matter of Foster v Coughlin, supra, at 966; Matter of Fleming v Coughlin, 222 AD2d 835).

The remaining contentions raised by petitioner have been found to be either without merit or unpreserved for this Court's review.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.