■ In the Matter of ALAN GREEN, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [651 NYS2d 929] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with, and found guilty of, violating a prison disciplinary rule prohibiting extortion. The misbehavior report stated that the extortion scheme involved telling another inmate he could avoid physical harm if he paid petitioner $300. Prison personnel intercepted a money order in that amount made out to petitioner by a relative of the inmate, as well as a letter implicating a person named "Divine" as directing the scheme. At the disciplinary hearing, the correction officer who authored the report testified confirming the information in the report. In addition, an investigation revealed that petitioner was known as "Divine". Petitioner also admitted that he was known by that name. The Hearing Officer interviewed and found credible the testimony of a confidential witness. This proof provided substantial evidence to support the finding of guilt (*see, Matter of Robles v Selsky*, 231 AD2d 818).

Petitioner contends that the Hearing Officer was not impartial. The record, however, fails to support any claim of bias or that the outcome of the hearing flowed from the alleged bias (*see, Matter of Nieves v Coughlin,* 157 AD2d 943). There is also no showing that the Hearing Officer considered evidence outside the record. It was not improper for the Hearing Officer to rely in part on the testimony of a confidential witness. Petitioner was not entitled to know the nature of that witness's information and a review of that evidence reveals the need to conceal the source's identity and the testimony for security reasons (*see, Matter of Volgarino v Coughlin,* 173 AD2d 939). The Hearing Officer was not required to inform petitioner prior to conducting the interview; it was sufficient that he was so informed prior to the hearing's conclusion (*see, Matter of Pinargote v Berry,* 147 AD2d 746, *lv denied* 74 NY2d 606). Petitioner's remaining arguments concerning the Hearing Officer's manner of conducting the hearing have been examined and found lacking in merit.

We also reject petitioner's contention that he was denied effective employee assistance. At the start of his hearing, petitioner complained that he had not received certain paperwork that he had requested. The Hearing Officer adjourned the hearing to obtain the necessary documents. When the hearing reconvened, petitioner acknowledged receipt of certain items. When he inquired as to the remainder, he was told that they did not exist. Petitioner then made no further objection. It is clear that petitioner suffered no prejudice from any denial of employee assistance (*see, Matter of Raqiyb v Bartlett,* 186 AD2d 327). We also note that there is no obligation to produce documents that do not exist (*see, Matter of Hill v Coughlin,* 186 AD2d 1043, *lv denied* 81 NY2d 702).

The remaining issues raised by petitioner in this proceeding have been examined and rejected as unpersuasive.

Crew III, Casey, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.