■ In the Matter of KEITH WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [662 NYS2d 617] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, became disruptive during a pat frisk and was charged in a misbehavior report with refusing to comply with a direct order, interfering with an employee, making threats and engaging in conduct involving threats of violence. Following a disciplinary hearing, he was found guilty of all of the charges except for the latter. In this CPLR article 78 proceeding, petitioner challenges the administrative determination on the grounds that he was denied the right to call certain witnesses in his defense, that the Hearing Officer was biased and that the determination is not supported by substantial evidence.

We confirm. Though he claims otherwise, petitioner was not denied the right to call witnesses. Both of the inmate witnesses petitioner requested refused to testify at the hearing. The first stated on the record, in the presence of petitioner and the Hearing Officer, that he did not wish to testify because he had nothing to do with the incident. When the second inmate was brought to the hearing room, he told the correction officer who escorted him that he would not testify; he also communicated this fact to the Hearing Officer. As the Hearing Officer personally questioned each of the inmates and ascertained that their refusals were genuine, petitioner was not deprived of his right to call witnesses (see, Matter of Rodriquez v Coombe, 236 AD2d 899; Matter of Paton v Coughlin, 225 AD2d 991).

Meritless also is petitioner's claim that the Hearing Officer was biased. The record discloses that the Hearing Officer conducted the hearing in a fair and impartial manner (see, Matter of Robles v Coombe, 234 AD2d 847). His failure to give more weight to the exculpatory evidence adduced by petitioner is not, as petitioner suggests, indicative of bias (see, Matter of Barreto v Coombe, 238 AD2d 657). Nor does the record substantiate petitioner's claim that the Hearing Officer prejudicially limited him in his questioning of certain witnesses.

Lastly, we find that the misbehavior report, together with the testimony of the correction officer who prepared it and another correction officer who was present during the incident,

provide substantial evidence supporting the administrative determination.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.