■ In the Matter of KEVIN MAYS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [663 NYS2d 322] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with and ultimately found guilty of violating the prison disciplinary rules which prohibit violent conduct, making threats, creating a disturbance and refusing a direct order. The charges stem from an incident wherein petitioner became disruptive and threatening in the visit area frisk room after being informed that his brother would not be visiting him.

Initially, we reject petitioner's contention that an alleged error in the precise time of the incident indicated in the

misbehavior report requires that the determination be annulled. The factual allegations contained in the misbehavior report were sufficiently detailed to apprise petitioner of the specific incident and charges against him, thereby enabling him to prepare a defense (*see, Matter of Torres v Coombe*, 234 AD2d 710). Moreover, petitioner demonstrated no prejudice resulting therefrom, rendering any technical defect harmless (*see generally, Matter of Rodriquez v Coombe*, 238 AD2d 691, 692).

The detailed misbehavior report coupled with the testimony of the correction officers present at the time of the incident constitute substantial evidence supporting the determination of petitioner's guilt on all charges (*see, Matter of Chappelle v Coombe*, 234 AD2d 779). Any conflicting testimony presented at the hearing created a credibility issue for the Hearing Officer to resolve (*see, Matter of Lee v McCoy*, 233 AD2d 632).

Petitioner's contention that he was denied access to relevant documentary evidence has not been preserved for our review (*see, Matter of Maldonado v Coughlin*, 186 AD2d 974, 975). In any event, petitioner's contention is without merit inasmuch as the record indicates that the requested documents (i.e., unusual incident report, termination information regarding denial and the Watch Commander's log entries) did not exist (*see, Matter of Green v Coombe*, 234 AD2d 756, 757).

Lastly, in the absence of supporting evidence, we reject petitioner's claim that the misbehavior report was filed against him in retaliation for his commencement of a civil rights action against respondent (*see, Matter of Gill v Selsky*, 240 AD2d 831; *Matter of La Bounty v Selsky*, 222 AD2d 917, *lv denied* 87 NY2d 809).

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.