■ In the Matter of KENNETH A. COUCH, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [682 NYS2d 106] —Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On a routine round in petitioner's cellblock at Greene Correctional Facility in Greene County, Correction Officer B. Martin detected the smell of alcohol in the vicinity of petition-

---

er's cube. Upon entering the cube, containing petitioner and three other inmates, she observed two plastic containers which appeared to contain orange juice but on further examination yielded the smell of alcohol. Martin notified her sergeant who determined that alcohol was present in the containers and confiscated them. Petitioner was sent to the infirmary for a medical examination. D. Hotaling, the infirmary nurse, completed a report noting that petitioner smelled strongly of ethyl alcohol and admitted to having consumed one to two cups of alcohol. Petitioner signed that report as well as a written statement later that evening wherein he accepted responsibility for possessing alcohol in his cube.

By misbehavior report dated November 28, 1996, petitioner was charged with violating prison rule 113.13 (7 NYCRR 270.2) (possession of alcoholic beverage) and rule 113.11 (possession of authorized item altered). Following an administrative hearing, petitioner was found guilty of both charges. After an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding challenging the Hearing Officer's disposition, *inter alia*, on the grounds that the misbehavior report lacked the specificity required by 7 NYCRR 251-3.1 and that the determination was not supported by substantial evidence. We reject both contentions.

To comport with the requirements of 7 NYCRR 251-3.1, a misbehavior report must contain written particulars of the alleged incident of misbehavior, with reference to the inmate rule book number and a brief description of the rule, the date, time and place of the offense, and, in cases where more than one inmate is involved, it must specify the role allegedly played by each inmate. We have previously held that to satisfy these requirements, such a report need not "itemize in evidentiary detail all aspects of the case" (*Matter of Davis v Coughlin*, 200 AD2d 904, 905; *see*, *Matter of Turner v Coughlin*, 162 AD2d 781, 782; *see also*, *Matter of LaBounty v Goord*, 245 AD2d 675, *appeal dismissed* 91 NY2d 1002). Rather, it suffices to identify the date, time and place of the offense, the specific rule violation and the factual basis for the charge with sufficient particularity to enable the inmate to prepare a defense (*see*, *Matter of Eckert v Selsky*, 247 AD2d 728; *Matter of Mays v Goord*, 243 AD2d 882). The misbehavior report herein met these criteria: it contained petitioner's name, the date, time and location of the incident, identified the specific rules allegedly violated, and described the incident, naming the other inmates present and alleged their presence in the cube, described the smell of alcohol and the presence of the contain-

ers appearing to contain orange juice. This information was sufficient to apprise petitioner of the nature and details of the offenses charged and to enable him to prepare a defense thereto. Moreover, not only has petitioner failed to identify in what respect any claimed deficiencies impeded his ability to defend against these charges, the record demonstrates that he presented a full defense to the charges premised upon obvious comprehension of their nature and specifics.

Nor do we agree that the determination of the Hearing Officer lacked substantial supporting evidence. The hearing evidence included the following. In lieu of the testimony of Martin, the misbehavior report was read into evidence. Hotaling testified to his examination of petitioner and the admissions made to him. Petitioner testified that the substance in the containers was not in fact alcohol but rather secretions from bourbon-flavored tobacco that he and the other three inmates were chewing. The other three inmates testified at the hearing; two of whom corroborated petitioner's testimony while the third disclaimed any knowledge of the contents of the containers. Petitioner denied telling Hotaling that he had consumed alcohol. With regard to his written admission, petitioner testified that it was untrue and that he took responsibility only to exculpate the other inmates. The conflicting testimony of petitioner, Hotaling and the other inmates presented credibility questions for resolution by the Hearing Officer (*see, Matter of Mays v Goord, supra*). Contrary to petitioner's contentions, no scientific testing of the liquid in the containers was required, as "[t]he nature of alcoholic beverages is a matter of common knowledge" (*Matter of Sanchez v Leonardo*, 242 AD2d 798).

We reject as totally unsupported by the record petitioner's contentions that he was denied a fair and impartial hearing and that his guilt was predetermined by virtue of bias on the part of the Hearing Officer. Petitioner was afforded a full opportunity to testify and to call and examine witnesses. He introduced evidence and registered objections on the record. We are unable to say that the result of the hearing flowed from bias on the part of the Hearing Officer rather than from the nature and quality of the evidence presented (*see, Matter of Fletcher v Murphy*, 249 AD2d 638; *Matter of Raqiyb v Goord*, 246 AD2d 719; *Matter of Washington v Goord*, 245 AD2d 914, 915).

We do agree, however, that petitioner's crime and sentence report should have been stricken from respondents' answering papers. Supreme Court found that since petitioner was

incarcerated for an alcohol-related offense, the reports were relevant to the penalty imposed in consequence of prison rule violations involving alcohol. We disagree. These reports were not considered by the Hearing Officer at any stage of the proceeding, nor are they germane to the propriety of the penalty imposed in consequence of the prison rule violations. We have therefore not considered these reports in determining this proceeding.

We have examined petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.