■ In the Matter of SAMUEL EDMONSON, Petitioner, v PHILIP COOMBE, as Commissioner of the Department of Correctional Services, Respondent. [682 NYS2d 116] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was a prison inmate at Attica Correctional Facility in Wyoming County when he became the subject of three misbehavior reports. The reports were authored by correction officers who had witnessed petitioner's participation in a fight with a fellow inmate that took place in the facility's B-yard. The reports related that petitioner was observed assaulting an inmate with a metal weapon, later identified as a six-inch-long piece of sharpened metal. Petitioner refused several direct orders to stop fighting, drop the weapon and fall to the ground. As the correction officers approached him, petitioner threw the weapon into adjoining C-yard. He then advanced toward the officers in a menacing manner and it took several of them and three blows with a baton to subdue petitioner.

Petitioner was ultimately found guilty of violating the prison disciplinary rules that prohibit fighting, engaging in violent conduct, assaulting an inmate, assaulting staff, possession of a weapon and refusing to obey a direct order. This CPLR article 78 proceeding ensued.

We find that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Washington v Goord*, 245 AD2d 914; *Matter of Jimenez v Goord*, 244 AD2d 683). Included in the evidence presented at petitioner's disciplinary hearing were the three misbehavior reports, together with the eyewitness testimony of the correction officers who prepared the reports. Two additional correction officers and two inmate witnesses substantiated the testimony of the reporting officers. A report describing the other inmate's lacerations and stab wounds following his altercation with petitioner was admitted into evidence. Finally, petitioner conceded in the course of his own testimony that he had been armed with a weapon, but he contended that he had slashed the other inmate in self-defense. Although petitioner's testimony and that of his four inmate

witnesses was at variance with the evidence presented against petitioner, this resulted in issues of fact for resolution by the Hearing Officer (*see, Matter of Burgos v Coughlin*, 216 AD2d 705), as did petitioner's claim of self-defense (*see, Matter of Smith v Coombe*, 234 AD2d 837; *Matter of Abreu v Coughlin*, 157 AD2d 1028, 1029). Petitioner's remaining contentions have been examined and found to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.