■ In the Matter of MICHAEL JOHNSON, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Department of Correctional Services, et al., Respondents. [685 NYS2d 123] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was found guilty of violating numerous prison disciplinary rules, including those prohibiting engaging in violent conduct, refusing to obey a direct order, possession of a weapon and attempting to assault another inmate. These charges all stemmed from petitioner's alleged participation in a disturbance at the Big Yard of the facility on October 8, 1997, involving approximately 20 inmates, which ended only after a warning shot was fired. At petitioner's tier III hearing, Correction Officer J. Rando, the author of the misbehavior report, testified that he observed petitioner making stabbing motions at another inmate with the handle of a broken cane and petitioner ignored direct orders to drop the weapon and stop fighting. Petitioner's administrative appeal of the determination of guilt was denied and this proceeding ensued.

We confirm. The determination of guilt is supported by substantial evidence in the record. The clear and detailed misbehavior report, together with the corroborating testimony of Rando and two other correction officers who witnessed the incident and endorsed the misbehavior report, provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Mays v Goord*, 243 AD2d 882, 883). Although petitioner claims that the Hearing Officer erred in failing to

exonerate him based upon the fact that she could not identify him on a videotape showing part of the altercation, this factor is not dispositive inasmuch as the Hearing Officer was not an eyewitness to the incident. Thus, there is no proof that the videotape contradicted the misbehavior report (*see generally, Matter of Ward v Goord*, 249 AD2d 711, 712). We also reject petitioner's contention that he was denied effective employee assistance because he was not given all the documentary evidence that he requested. The Hearing Officer explored petitioner's claims at length and properly found that the requested material was either nonexistent, irrelevant or unavailable due to security concerns. Petitioner's remaining contentions, including his claims of Hearing Officer bias, have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.