In the Matter of JOHN DI SALVO, Appellant, v DONALD SELSKY, as Reviewer of Tier III Hearing, Respondent. [689 NYS2d 533] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating three prison disciplinary rules in connection with his assault on another inmate. Petitioner challenges the determination, claiming that a number of procedural errors require its annulment. We note that although petitioner has abandoned his substantial evidence argument on appeal, the proceeding was properly transferred to this Court as the petition and answer raised that issue before Supreme Court (cf., Matter of K T D Enters. v New York State Liq. Auth., 205 AD2d 938, 939, lv denied 84 NY2d 807).

Initially, we find that although the hearing did not conclude within 14 days of the writing of the misbehavior report (*see,* 7 NYCRR 251-5.1 [b]), it was completed in accordance with a valid extension due to witness unavailability and, as such, was not untimely (*see, Matter of Jones v Selsky,* 223 AD2d 990). Next we reject the contention that the misbehavior report was insufficient to apprise petitioner of the charges. To the contrary, the report describes with specificity the incident and the rules violated (*see, Matter of Couch v Goord,* 255 AD2d 720, 721).

Petitioner's assertion that the Hearing Officer erred by not personally interviewing the witnesses who had refused to testify at his hearing is similarly unpersuasive in light of the fact that "a Hearing Officer is not required to personally interview a witness who refuses to testify, as long as the Hearing Officer makes a sufficient inquiry into the facts surrounding the refusal in order to determine that the refusal is genuine" (*Matter of Colon v Goord,* 245 AD2d 582, 584). We are similarly unpersuaded by petitioner's assertion that he was denied an impartial Hearing Officer since adverse evidentiary rulings are not indicative of bias (*see, Matter of Williams v Goord,* 242 AD2d 842).

Contrary to petitioner's assertion, we do not find that he was improperly denied the right to call witnesses at his hearing. Specifically, the testimony of a fellow inmate was properly denied as irrelevant to the proceeding (*see, Matter of Guerrero v Coombe,* 239 AD2d 676, 677). Further, although petitioner at one point indicated that he wanted a certain correction officer to testify, by subsequently failing to call that witness when specifically asked whether he had any more testimony to present, he failed to preserve the issue (*see, Matter of Guzman v Coughlin,* 90 AD2d 666).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.