■ In the Matter of GEORGE JAMES, Petitioner, v EARL A. COUTURE, as Superintendent of the Gouverneur Correctional Facility, et al., Respondents. [697 NYS2d 768] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In two misbehavior reports joined for a tier III hearing, petitioner was charged with possession of a narcotic, failure to comply with frisk orders, failure to comply with direct orders and physical interference with an employee. The charges arose out of a search of petitioner's cell. The search revealed a white powdery substance, prompting a strip frisk of petitioner during which petitioner was seen putting something in his mouth. During the ensuing struggle, petitioner refused several orders to spit out whatever he had in his mouth and he swallowed it instead. Petitioner was placed on isolation watch and the following day he was directed to submit to a urinalysis. Petitioner refused and was charged in a third misbehavior report with refusing a direct order and failure to follow urinalysis procedures. After tier III hearings, petitioner was found guilty of all charges except the narcotics charge, which could not be substantiated because of a technical error in the testing of the substance found in petitioner's cell.

Petitioner's main argument is that all of the charges are directly related to his alleged possession of a narcotic and that as a result of the finding of not guilty on the narcotics charge, all of the other charges are unsubstantiated and should have been dismissed. The argument is meritless. The misbehavior reports, one of which was also corroborated by hearing testimony, provided substantial evidence to support the findings of misconduct (*see*, *Matter of Foster v Coughlin*, 76 NY2d 964, 966). The finding of not guilty on the narcotics charge is not inconsistent with the findings that petitioner failed to comply with various orders and procedures and physically interfered with correction officers (*see*, *Matter of Coffey v Selsky*, 257 AD2d 820).

Petitioner's claim that the initial search of his cell was the result of confidential information supplied by an inmate who was harassing petitioner and his family is irrelevant to petitioner's guilt of the charges of misconduct. Petitioner's claim that the charges were the result of retaliation or harassment by a correction officer presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Rivera v Goord*, 248 AD2d 902). There is no support in the record for petitioner's remaining claims of procedural violations and Hearing Officer bias. The determination is, therefore, confirmed.

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.