■ In the Matter of DANIEL CARTER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [697 NYS2d 726]

---

—Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to review a determination finding him guilty of violating the prison disciplinary rules which prohibit the assault of a staff member, violent conduct and interference with an employee. The misbehavior report prepared by the correction officer who investigated the incident and the testimony of another correction officer who unequivocally identified petitioner as the inmate who kicked him while he was attempting to restrain another inmate, provide substantial evidence to support the determination (*see, Matter of Figueroa v Lacy*, 260 AD2d 766). The testimony of petitioner and other inmate witnesses that petitioner did not kick anyone created a question of credibility for the Hearing Officer to resolve (*see, Matter of Mays v Goord*, 243 AD2d 882).

The gaps in the transcript, which are attributable to inaudible portions of the tape recording, are not so significant as to preclude meaningful review (*see, Matter of Locke v Senkowski*, 254 AD2d 553). Petitioner's claim that respondents purposely altered the transcript to misrepresent the facts is rejected as unpersuasive (*see, Matter of Hinckson v Selsky*, 259 AD2d 812). Having investigated the incident and ascertained the facts, the correction officer was authorized to prepare the report (*see*, 7 NYCRR 251-3.1 [b]) and petitioner was not prejudiced by the absence of signatures on the report of employees who witnessed the incident, including the correction officer who identified petitioner at the hearing (*see, Matter of Smith v Walker*, 209 AD2d 799, *lv denied* 85 NY2d 807).

Inasmuch as the record contains substantial evidence to support the determination without considering the confidential information that was introduced at the hearing, any error by the Hearing Officer in failing to determine reliability was harmless (*see, Matter of Fletcher v Selsky*, 199 AD2d 865, *lv denied* 83 NY2d 753). Similarly, we conclude that any error in the denial of petitioner's request for certain medical records was harmless in the circumstances of this case (*see, Matter of Dumpson v Mann*, 225 AD2d 809, 811, *lv denied* 88 NY2d 805). We have considered petitioner's other claims, including Hearing Officer bias, and find them either unpreserved, lacking in merit or insufficient to require us to annul the determination.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.