■ In the Matter of PETER RODRIGUEZ-ALISEO, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit/Inmate

Discipline, et al., Respondents. [702 NYS2d 668] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After two urinalysis tests performed on petitioner's urine sample indicated the presence of opiates and cocaine, petitioner was charged with and found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding. We confirm.

Among the evidence presented against petitioner at his tier III disciplinary hearing was the misbehavior report, documentation relating to the positive results of the urinalysis tests and testimony indicating that the correction officer who authored the report and performed the urinalysis tests carefully followed all testing procedures and protocols. In our view, this proof was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Townes v Keane*, 257 AD2d 873; *Matter of Mendez v Selsky*, 255 AD2d 858; *Matter of Rouse v Goord*, 251 AD2d 805).

Moreover, we reject petitioner's contention that the Hearing Officer's refusal to permit the testimony of a correction officer—who was allegedly on duty the day that petitioner's urine sample was obtained—impermissibly denied him the right to call witnesses. Even assuming that petitioner did not waive this argument by initially declining to call any of the witnesses involved in obtaining his urine sample and by failing to request the correction officer's testimony until the hearing was almost completed, petitioner could not demonstrate that this correction officer's testimony would be material or relevant to his defense that the urinalysis test procedures used by the testing correction officer were improper (*see, Matter of Barreto v Goord*, 244 AD2d 610, 611).

Finally, inasmuch as petitioner was provided with all requested documentation which had not been deemed confidential or irrelevant, we are unpersuaded by petitioner's contention that he was denied effective employee assistance due to his assistant's failure to procure certain documentary evidence (*see, Matter of Hazel v Coombe*, 239 AD2d 736, 737).

We have reviewed petitioner's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Crew III, Peters and Graffeo, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.