■ In the Matter of ABDUL MAJID, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, et al., Respondents. [708 NYS2d 644] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of creating a disturbance, assaulting a staff member, possessing contraband, refusing a direct order and refusing a search. The record reveals that as petitioner was returning from the library, he was stopped by a correction officer who confiscated newspapers petitioner was carrying and informed petitioner that he could not possess the materials. Petitioner then took the newspapers back and continued walking, despite being ordered to stop walking and to submit to a frisk. Petitioner acknowledged that he then pulled another correction officer by his shirt and knocked the correction officer's hands off of him. Contrary to petitioner's contention, the misbehavior report, the testimony of a correction officer who was pulled by petitioner and the testimony of several inmates provides substantial evidence of petitioner's guilt (*see, Matter of Carter v Goord*, 266 AD2d 623). Despite the fact that petitioner was found not guilty of violent conduct, the evidence clearly supports the finding that petitioner assaulted a staff member (*see, Matter of James v Couture*, 266 AD2d 604). The

Hearing Officer's findings are not inconsistent as it was noted that although petitioner did not intend to inflict physical injury, petitioner did grab a correction officer by his shirt and subsequently, struck the correction officer's hands. Petitioner's remaining contentions, including his speculative claim that the evidence was tampered with, have been reviewed and found to be unpersuasive.

Peters, J. P., Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.