■ In the Matter of HECTOR MAYA, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [707 NYS2d 551] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing on two misbehavior reports, petitioner was found guilty of violating the prison disciplinary rules that prohibit violent conduct, creating a disturbance, possessing a weapon, interfering with an employee, refusing a direct order and possessing unauthorized organizational

materials.* According to the first misbehavior report authored by a correction officer involved in the incident, petitioner refused a direct order to drop what appeared to be a metal weapon, yelled obscenities to the correction officer and began chasing several inmates down the gallery. This prompted another correction officer to release several inmates from the gallery, at which point petitioner retreated to the middle of the gallery where he began swinging the weapon at another inmate. The second misbehavior report was written later that evening after a different correction officer who was packing up petitioner's belongings for his move to the special housing unit discovered gang-related material inside a bundle of mail under petitioner's bed. Petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt and we confirm.

In our view, the detailed misbehavior reports, combined with the unauthorized material confiscated from petitioner's cell and the testimony of the correction officers who observed the first incident, provide substantial evidence of petitioner's guilt (*see, Matter of Nieves v Selsky*, 263 AD2d 795; *Matter of Velez v Goord*, 262 AD2d 906; *Matter of Johnson v Selsky*, 257 AD2d 874). Petitioner's exculpatory explanations, as well as any contradictions in the hearing testimony, created a credibility issue which the Hearing Officer was entitled to resolve by finding petitioner not guilty of assaulting an inmate but guilty of the remaining charges (*see, Matter of Miller v Portuondo*, 269 AD2d 646; *Matter of Moore v Goord*, 253 AD2d 927).

Turning to petitioner's procedural arguments, although the first misbehavior report did not itemize in evidentiary detail every aspect of the incident and the precise conduct of the other inmates involved, it provided identifying information and the factual basis for the charges with sufficient particularity to allow petitioner to prepare a defense (*see, Matter of Couch v Goord*, 255 AD2d 720, 721-722). Moreover, the failure of petitioner's employee assistant to procure another inmate's misbehavior report and statement did not result from inadequate assistance but from circumstances beyond his control, i.e., the unavailability of the misbehavior report and the inmate's claim to have no personal knowledge of the incident (*see generally, Matter of Rivera v Coombe*, 241 AD2d 643). We have examined petitioner's remaining contentions, including his claims that the Hearing Officer was biased and that he was denied documentary evidence and the right to call witnesses, and find them to be unsupported by the record.

---

* Petitioner was also charged with, but found not guilty of, assaulting an inmate.

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.