■ In the Matter of MASSI JONES, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [711 NYS2d 609] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an altercation with another prison inmate, petitioner was charged with violating the prison disciplinary rules that prohibit assaulting an inmate, fighting, engaging in violent conduct, creating a disturbance and refusing a direct order. Petitioner pleaded guilty with an explanation to the charges of fighting and refusing a direct order and, after a disciplinary hearing, was found guilty of assaulting an inmate and engaging in violent conduct but not guilty of creating a disturbance. Petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt on substantive and procedural grounds. We confirm.

---

\* CPLR 2221 (as amended by L 1999, ch 281, § 1 [eff July 20, 1999]) codified these requirements.

Initially, by pleading guilty with an explanation to the charges of fighting and refusing a direct order, petitioner is precluded from challenging the determination of his guilt on those charges on substantial evidence grounds (*see, Matter of Zarvela v Goord*, 270 AD2d 532, 533, *lv denied* 95 NY2d 758; *Matter of Moolenaar v Goord*, 266 AD2d 625, *appeal dismissed* 94 NY2d 900). Moreover, the misbehavior report and hearing testimony, indicating that petitioner refused several direct orders to stop fighting with another inmate who had accused him of cutting him on the face, provide substantial evidence of petitioner's guilt on the remaining charges (*see, Matter of Acevedo v Superintendent of Elmira Correctional Facility*, 265 AD2d 763; *Matter of Edmonson v Coombe*, 255 AD2d 847).

Turning to petitioner's procedural arguments, although the Hearing Officer failed to provide a written explanation for the denial of petitioner's request to call his two employee assistants as witnesses (*see*, 7 NYCRR 254.5 [a]), this does not warrant annulment of the determination because the record discloses the reason for the denial, i.e., the assistants' testimony was irrelevant to the legal determination of whether the hearing was prematurely commenced (*see, e.g., Matter of Bonez v Senkowski*, 265 AD2d 713; *Matter of Morrison v Selsky*, 246 AD2d 939). Finally, the Hearing Officer's refusal to recall a witness whose testimony would be redundant and irrelevant was neither improper nor indicative of bias (*see, Matter of Watson v Goord*, 265 AD2d 700; *Matter of McBride v Selsky*, 257 AD2d 930).

Petitioner's remaining arguments have been examined and rejected as unpersuasive.

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.