■ In the Matter of SHAWN GREEN, Appellant, v DONALD SELSKY, as Director of Special Housing Unit/Inmate Discipline for the Department of Correctional Services, et al., Respondents. [713 NYS2d 580] —Rose, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 3, 1998 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner refused a correction officer's direct order to lock in a double-bunk cell. When a higher ranking correction officer arrived on the scene and directed petitioner to lock in the cell, petitioner again refused. Each officer charged petitioner in separate misbehavior reports with refusing a direct order and violating a movement regulation. Petitioner was found guilty as charged following a disciplinary hearing addressing both reports. He thereafter commenced this CPLR article 78 proceeding challenging the determination on procedural grounds. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Petitioner's claim that the misbehavior reports were defective was not raised at the disciplinary hearing and, therefore, we find that the issue is not preserved for our review (*see, Matter of Walker v Goord*, 262 AD2d 742; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868). Were we to address petitioner's arguments in this regard, we would conclude that it was not necessary for each correction officer to endorse both misbehavior reports (*see, Matter of Santana v Senkowski*, 269 AD2d 638) and that the first misbehavior report set forth the factual basis for the charges with enough particularity to allow petitioner to prepare a defense (*see, Mat-*

*ter of Maya v Goord*, 272 AD2d 724). Contrary to petitioner's contention, the service of the second misbehavior report did not violate double jeopardy principles because it was based upon petitioner's separate and distinct act of refusing the second direct order (*see, Matter of Raqiyb v Bartlett*, 186 AD2d 327; *Matter of Raqiyb v Bartlett*, 175 AD2d 974, *appeal dismissed* 78 NY2d 1008). Finally, the record contains no support for petitioner's allegation that he was denied documentary evidence and effective employee assistance (*see, Matter of Rodriguez-Aliseo v Selsky*, 268 AD2d 739, 740; *Matter of Joyce v Goord*, 246 AD2d 926, 927).

We have examined petitioner's remaining claims and reject them as lacking in merit.

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.