■ In the Matter of KEVIN WATSON, Petitioner, v JANE DOE et al., as Employees of Altona Correctional Facility, et al., Respondents. [716 NYS2d 615] —Proceeding pursuant to CPLR article 78 (transferred to this Court pursuant to an order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of assaulting a staff member and disturbing the order of the facility after he assaulted a correction officer who was attempting to confine him to the isolation room. According to the misbehavior report and eyewitness testimony, while the correction officer was in the process of closing the isolation room door petitioner pulled the door open, struck the correction officer in the chest and grabbed him by the neck. The misbehavior report, hearing testimony and medical report detailing the cor-

rection officer's complaints of chest pain provide substantial evidence of petitioner's guilt (*see, Matter of Majid v Selsky*, 272 AD2d 700; *Matter of Quiles v Goord*, 271 AD2d 775, 775-776). Petitioner's contentions that his conduct was not intentional and that the correction officer's injuries were not visible do not compel a contrary conclusion (*see, id.*). Finally, petitioner's claims that the medical evidence and hearing testimony were unreliable created a credibility issue for the Hearing Officer to resolve (*see, Matter of Knight v Goord*, 267 AD2d 523, 524, *lv denied* 94 NY2d 760; *Matter of McBride v Selsky*, 257 AD2d 930).

We have considered petitioner's remaining claims, including his allegations that he was denied the right to call the author of the medical report to testify as a witness and that the Hearing Officer was biased, and find them to be either unpreserved for our review or lacking in merit.

Mercure, J. P., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.