■ In the Matter of GARY GRIFFEN, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [715 NYS2d 549] —Rose, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 12, 1999 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

After forged documents were seized from his cell, petitioner, a prison inmate, was charged in a misbehavior report with violating the prison disciplinary rule that prohibits forgery. When petitioner was subsequently convicted of five counts of perjury in the second degree in connection with the forged documents, the misbehavior report was dismissed and another misbehavior report was issued charging petitioner with committing a Penal Law offense. Petitioner was found guilty of the Penal Law offense charge and unsuccessfully pursued an administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Petitioner's assertion that he was not served with a copy of the second misbehavior report is belied by the record which reveals that petitioner received the report at least 24 hours prior to the commencement of the hearing (*see,* 7 NYCRR 254.6 [a]). Moreover, the report was not defective inasmuch as

it specified the basis of the charge and other identifying information with sufficient particularity to enable petitioner to prepare a defense (*see, Matter of Maya v Goord,* 272 AD2d 724, 725; *Matter of Couch v Goord,* 255 AD2d 720, 721-722).

We also reject petitioner's contention that he was denied effective employee assistance and documentary evidence because his assistant failed to accommodate his requests for a written disposition of the first misbehavior report and the sentencing minutes from the perjury conviction. No written disposition was rendered on the first misbehavior report due to its dismissal and the sentencing minutes were unavailable (*see, Matter of Johnson v Selsky,* 257 AD2d 874, 875). In any event, the Hearing Officer made every attempt during the hearing to furnish petitioner with substitute documentation which contained much of the requested information.

Finally, we are not persuaded that the Hearing Officer was biased or improperly restricted petitioner's examination of a witness to those questions which were not repetitive or redundant (*see, Matter of Williams v Goord,* 242 AD2d 842; *Matter of Lee v McCoy,* 233 AD2d 633). Petitioner's remaining contentions have been reviewed and rejected as lacking in merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.