■ In the Matter of JESSIE J. BARNES, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, et al., Respondents. [718 NYS2d 110] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this

* OCF was formerly the Division for Youth (*see, Matter of Michael OO.*, 269 AD2d 633).

Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While under escort, petitioner became disruptive and made verbal and physical threats. As a result, he was served with a misbehavior report which charged the violation of several prison disciplinary rules. After a tier III hearing, petitioner was found guilty of all charges and a penalty was imposed which included two years in the special housing unit. When petitioner's administrative appeal was unsuccessful, he commenced this CPLR article 78 proceeding to challenge the determination.

The detailed misbehavior report, testimony of facility employees who witnessed the incident and the videotape provide substantial evidence to support the determination (*see, Matter of Bish v Goord*, 246 AD2d 692). Petitioner's claim that he was denied the right to call witnesses has no support in the record. The requested inmate witnesses refused to testify and the Hearing Officer took reasonable steps to ascertain that their refusals were genuine (*see, Matter of Bowers v Goord*, 264 AD2d 876). The testimony of the other requested witnesses was either redundant or irrelevant. With regard to the requested documents, there was no requirement to produce the unusual incident report which did not exist (*see, Matter of Green v Coombe*, 234 AD2d 756) and, because the correction officers' failure to follow proper procedure could not justify petitioner's misconduct (*see, Matter of Reyes v Barkley*, 261 AD2d 743), the various directives he requested were irrelevant (*see, Matter of Polanco v Johns*, 260 AD2d 706). Inasmuch as the rule prohibiting an inmate from assaulting staff includes an attempt to inflict bodily harm on a staff member (*see,* 7 NYCRR 270.2 [B] [1] [ii]), we reject petitioner's claim that actual physical contact was required (*see, Matter of Rivera v Goord*, 253 AD2d 914).

The record does not support petitioner's claim of bias. The Hearing Officer's adverse evidentiary rulings are not indicative of bias (*see, Matter of Di Salvo v Selsky*, 260 AD2d 874) and the hearing was concluded in petitioner's absence only after he was advised that his refusal to comply with restraint procedures would be viewed as a waiver of the right to be present at the hearing (*see, Matter of Sanders v Coughlin*, 168 AD2d 719, *lv denied* 77 NY2d 806). In any event, there is nothing in the record to demonstrate that the determination flowed from the alleged bias and not from the evidence of petitioner's guilt (*see,*

*Matter of Vicioso v Goord*, 266 AD2d 655). Contrary to petitioner's claim, his disciplinary history was not a factor in the determination of his guilt. Rather, the Hearing Officer considered the disciplinary history only in determining the appropriate penalty, which we do not find unduly harsh or so disproportionate as to be shocking to one's sense of fairness (*see, Matter of Sheppard v Goord*, 264 AD2d 916).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.