■ In the Matter of BARTRAM Y. DABNEY, Petitioner, v ROBERT MURPHY, as Director of Special Housing Unit, Respondent. [717 NYS2d 759] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with littering, interfering with an employee, refusing a direct order and making threats. According to the correction officer who was collecting the breakfast garbage, petitioner responded to a direct order to surrender his garbage by cursing and spilling a cup of milk on the floor. Petitioner was found guilty of all charges following a disciplinary hearing and thereafter commenced this CPLR article 78 proceeding challenging the determination of his guilt. The matter was transferred to this Court and we confirm.

The misbehavior report and the testimony of the correction officer involved in the incident indicate that when he initially ordered petitioner to hand over his garbage, petitioner refused while using vulgar and threatening language. The correction officer then repeated the direct order, at which point petitioner complied. After the correction officer retrieved the garbage, however, petitioner cursed at him and shoved a full cup of milk out the hatch of his cell gate, causing the milk to spill onto the floor and the correction officer's clothing. This evidence, along with the remaining testimony presented at the hearing and the photographs of the spilled milk, constitute substantial evidence of petitioner's guilt (*see, Matter of Figueroa v Lacy*, 260 AD2d 766; *Matter of Williams v Goord*, 242 AD2d 842). Although petitioner offered evidence to allegedly support his claim that the correction officer fabricated the charges in retaliation for a grievance that petitioner filed against him, we find no reason to disturb the Hearing Officer's determination resolving this credibility issue against petitioner (*see, Matter of Daum v Goord*, 270 AD2d 745, 746; *Matter of James v Couture*, 266 AD2d 604, 605).

Next, we reject petitioner's contention that he was denied meaningful employee assistance and relevant documentary evidence. Although the assistant did not obtain certain witness statements and several other documents requested by petitioner, this material was properly determined not to be relevant to the charges against petitioner or to his retaliation defense (*see, Matter of Hein v Goord*, 249 AD2d 661, 662; *Matter of Rowlett v Coombe*, 242 AD2d 798, 799). Moreover, we are not persuaded that petitioner was denied the right to call witnesses inasmuch as the only requested witnesses who did not testify were those who lacked personal knowledge of the incident (*see, Matter of Pabon v Coombe*, 249 AD2d 629, 629-630). Finally, the fact that the Hearing Officer declined to call the witnesses was not indicative of bias and, in any event, petitioner failed to demonstrate that the determination flowed from any such bias (*see, Matter of Jones v Goord*, 274 AD2d

902, 903; *Matter of Torres v Goord*, 267 AD2d 732, 733; *Matter of Di Salvo v Selsky*, 260 AD2d 874, 875). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.