■ In the Matter of KENNETH BAZIL, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [726 NYS2d 589] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rules that prohibit refusing a direct order and refusing a double-cell assignment. Following a hearing, petitioner was found guilty of refusing a double-cell assignment based in part upon his plea of guilty thereto, but was found not guilty of refusing a direct order. Petitioner asserts that it is irrational to find him guilty of refusing a double-cell assignment, and not guilty of refusing a direct order.

By pleading guilty with an explanation to the charge of refusing a double-cell assignment, petitioner is precluded from asserting that the determination of his guilt is not supported by substantial evidence (*see, Matter of Jones v Goord*, 274 AD2d 902; *Matter of Ortiz v Mantello*, 268 AD2d 869, *lv denied* 95 NY2d 751). Moreover, petitioner's testimony and the questioning at the tier III hearing makes it clear that, although the Hearing Officer believed that petitioner knowingly refused the

double-cell assignment, he was concerned that petitioner did not understand what constituted a "direct order" and thus decided to exercise leniency on that charge. Under these circumstances, we find no error in respondent's determination.

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.