■ In the Matter of MICHAEL MELENDEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [733 NYS2d 281] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 23, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was the subject of three misbehavior reports, the first of which arose out of an incident that took place June 24, 1999 when petitioner and eight other inmates refused to obey orders to lock into their cells following an inmate's assault upon two correction officers. At the disciplinary hearing that ensued, evidence was presented in the form of the misbehavior report, the eyewitness testimony of the correction officer who

authored the report and additional eyewitness testimony given by two correction officers who identified petitioner as one of the inmates who had refused to lock in during the incident. Based upon this evidence, the Hearing Officer found petitioner guilty of a movement violation, interfering with a staff member and refusing to obey a direct order.

Petitioner was also the subject of two subsequent misbehavior reports that arose out of an incident on October 21, 1999 when petitioner was waiting for a haircut at the facility's barbershop. Upon being informed that there was not enough time to cut his hair that morning and that he could not be rescheduled for that afternoon, petitioner became enraged and announced, "I'm going to set this place off if I don't get a haircut." Although he was admonished to stop shouting, petitioner continued to object, causing a group of curious inmates to gather. A correction officer then escorted petitioner back to his cellblock where a scuffle ensued during which petitioner punched the officer in the face. The second misbehavior report was written by a correction officer who was bitten on the arm by petitioner as he attempted to assist in subduing him.

The evidence presented at the disciplinary hearing that ensued included the two misbehavior reports from the October 1999 incident, testimony given by the correction officers who had written the reports after they were injured by petitioner, as well as testimony given by additional correction officers who were eyewitnesses to the events in question. Also in evidence were the medical records prepared by staff at the facility's infirmary relating to the treatment that had been rendered to the correction officers and to petitioner. Based upon this evidence, the Hearing Officer determined that petitioner was guilty of violent conduct, attempted assault on a staff member, creating a disturbance, interference with an employee and refusing to obey a direct order.

On this appeal, petitioner challenges both determinations on procedural grounds, contending, *inter alia*, that the Hearing Officer erred by not permitting him to present all of his requested witnesses. We find this contention unpersuasive. The Hearing Officer correctly determined that the testimony which petitioner sought to elicit from the rejected witnesses would have been either redundant, given the testimony that had already been presented, or irrelevant to the issue of petitioner's guilt or innocence. There was, accordingly, no requirement that these additional witnesses be called (*see*, *Matter of Barnes v Selsky*, 278 AD2d 707; *Matter of Jones v Goord*, 274 AD2d 902).

Petitioner further claims that he was improperly denied access to photographs of the bite wound he was accused of inflicting. As the officer's bite wound had already been established by the pertinent medical records and by testimony given by the victim, the photographs were properly excluded as redundant (*see, Matter of Grassia v Mann*, 223 AD2d 811). Petitioner's remaining assertions of procedural errors, including his claim that he was denied meaningful employee assistance, have been reviewed and found to be without merit.

Cardona, P. J., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.