■ In the Matter of MATTHEW MULCAHY, Appellant, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, et al., Respondents. [743 NYS2d 586] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered June 15, 2001 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this proceeding to obtain review of an administrative determination finding him guilty of violating the prison disciplinary rules which prohibit creating a disturbance, interference with a staff member and lewd exposure. This determination arose out of a misbehavior report alleging that the author, a correction officer, was distributing mail on petitioner's tier when petitioner began to shout angrily at the officer for banning him from recreation period. The officer denied the accusation, showing petitioner that his name was on the list of inmates eligible for recreation. When petitioner responded, "That's bullshit," the officer warned him that his continued shouting would result in his being keep-locked. Petitioner responded by pulling down his pants, exposing his genitals and shouting, "Keep lock this." Later the same day, petitioner informed the officer that he had already commenced a lawsuit against the facility's superintendent, and that the officer was "going to be next." Substantial evidence of petitioner's guilt of the charged misconduct was presented at the disciplinary hearing in the form of the detailed misbehavior report and the testimony of the reporting correction officer who observed petitioner's conduct (*see, Matter of Smith v Goord*, 275 AD2d 827, 828; *Matter of Garnette v Goord*, 270 AD2d 536). Supreme Court confirmed the determination and dismissed the petition. This appeal ensued.

Petitioner contends that Supreme Court's judgment should be reversed and the determination of his guilt should be annulled due to errors made in the course of his disciplinary hearing, e.g., he was denied the right to call witnesses and to present documentary evidence in the form of the grievances he had previously filed against the reporting officer in an effort to demonstrate the officer's retaliatory motive. As the Hearing

Officer subsequently permitted petitioner to read the grievances into the record, their admission in evidence would have been redundant (see, Matter of Melendez v Goord, 288 AD2d 791, 792-793). Likewise, the superintendent's testimony was properly precluded as redundant (see, id. at 792; Matter of Caraway v Herbert, 285 AD2d 778, 779).

Petitioner further contends that the Hearing Officer was biased against him. Our review persuades us that the hearing was conducted in a fair and impartial manner, and the fact that certain evidentiary rulings were adverse to petitioner is not proof of bias (see, Matter of Barnes v Selsky, 278 AD2d 707, 708; Matter of Di Salvo v Selsky, 260 AD2d 874, 875). The remaining contentions raised herein have been reviewed and found to be without merit.

Mercure, J.P., Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.