■ In the Matter of ALVIN ORTIZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [748 NYS2d 827] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting fighting and failing to report an injury. As related in the misbehavior report, petitioner suffered wounds in the center of his chest and on his right shoulder

---

blade after he was attacked by another inmate. Early the next morning, the reporting correction officer received an anonymous note which related that petitioner had been stabbed. After observing petitioner's wounds, the officer sent him to the hospital.

Included in the evidence presented at petitioner's disciplinary hearing was the detailed misbehavior report and the unusual incident report, written by the officer who observed petitioner's wounds and had been informed by petitioner that he had been stabbed on the afternoon of the previous day. Additional evidence was provided by the testimony of an inmate who had witnessed the assault and who related that petitioner had been attacked by another inmate after a drug deal had fallen through. He further testified that the attacker was armed with a half pair of scissors and that both petitioner and his attacker were equipped with "bangers" (described as sharp, pointed weapons) which they used to assault each other. In his own testimony, petitioner admitted that he did not report his stab wounds until almost 12 hours after he was attacked.

We find that this proof was sufficient to constitute substantial evidence of petitioner's guilt (*see Matter of Kelly v Goord*, 251 AD2d 803, 804; *Matter of Gulley v Coughlin*, 233 AD2d 631). The testimony given by petitioner and his inmate witness, in which they attested that petitioner was not guilty of fighting but was instead a passive victim, presented an issue of credibility that the Hearing Officer was free to resolve (*see Matter of Chujoi v Selsky*, 272 AD2d 801, *lv denied* 95 NY2d 762; *Matter of Cruz v Selsky*, 264 AD2d 884). Petitioner's contention that the Hearing Officer failed to make an independent assessment of the credibility of an inmate who testified on the record at the hearing is unavailing as this requirement relates only to confidential informants (*see generally Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119). The remaining issues raised herein have been examined and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.