In the Matter of ALAN MUSE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[762 NYS2d 304] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on an inmate, fighting and failure to report an injury. According to the misbehavior report, petitioner was involved in a fight that took place in the shower room of the facility's armory. Armed with a shovel, petitioner injured two other inmates whose lacerations required stitches. Evidence presented at the disciplinary hearing included the misbehavior report and the testimony of the correction sergeant who authored the report after investigating the incident. The Hearing Officer conducted an in camera interview of, among others, the reporting officer and a confidential informant who had witnessed the incident and described petitioner's role therein.

We find that the record as a whole contains substantial evidence of petitioner's guilt (*see Matter of Blanden v Le Clare,* 303 AD2d 811 [2003]). Petitioner's characterization of the confidential information as worthless is belied by the record, which discloses that the Hearing Officer personally interviewed the informant and the correction officer to whom the information was given, at which time he was able to assess both their credibility and the reliability of their testimony (*see Matter of Ward v Murphy,* 302 AD2d 839 [2003]). Petitioner's assertion that he was not in the shower room at the time of the fight and that any marks or injuries on his body were preexisting presented issues of credibility for resolution by the Hearing Officer (*see Matter of Ortiz v Goord,* 298 AD2d 736, 737 [2002]; *Matter*

*of Burgess v Goord,* 295 AD2d 722, 723 [2002]). We have examined the remaining contentions raised by petitioner and find them to be either without merit or unpreserved for our review.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.