■ In the Matter of ANTHONY BONACCI, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [769 NYS2d 912]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting fighting after he and his cellmate engaged in a physical altercation that left both of them injured. Substantial evidence supports the determination of petitioner's guilt in the form of the misbehavior report, the hearing testimony given by two correction officers and a facility nurse, and by petitioner's own testimony in which he conceded that he had participated in the fight (*see Matter of Ortiz v Goord*, 298 AD2d 736 [2002]; *Matter of Carter v Goord*, 266 AD2d 623, 624 [1999]). Petitioner's contention that his cellmate was the aggressor and that he became involved in the fight solely to defend himself raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Ortiz v Goord, supra* at 737; *Matter of Gloster v Goord*, 278 AD2d 568 [2000], *appeal dismissed* 96 NY2d 825 [2001]).

We are not persuaded by petitioner's assertion that procedural errors and omissions deprived him of the right to a fair hearing. For example, the misbehavior report was not invalid because it was not written by an eyewitness to the charged misconduct. As no staff member observed the fight, the report was appropriately prepared by a correction officer based upon her subsequent investigation into the incident (*see* 7 NYCRR 251-3.1 [b]; *see also Matter of Hernandez v Selsky*, 308 AD2d 671 [2003]). The remaining arguments raised by petitioner have been examined and found to be without merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.