■ In the Matter of DWAYNE E. WALKER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [692 NYS2d 187] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged with violating the prison disciplinary rule that prohibits conspiring to escape. According to the author of the underlying misbehavior report, petitioner and three other inmates were overheard discussing how one might escape from the facility at which they were incarcerated. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, seeking to set aside such determination.

Petitioner initially challenges the misbehavior report itself, contending that the failure to specify the precise role played by him in the subject incident constitutes a fatal defect (*see*, 7 NYCRR 251-3.1 [c] [4]). As petitioner did not raise this issue at his disciplinary hearing until after the Hearing Officer had rendered a disposition, we find this issue to be unpreserved for our review. Moreover, were we to reach this issue, we would find petitioner's argument on this point to be lacking in merit.

We do, however, find merit to petitioner's contention that the underlying determination is not supported by substantial evidence. Rule 108.10 provides that "[i]nmates shall not escape, attempt to escape, conspire to, or be an accessory to an escape from any correctional facility or correctional custody" (7 NYCRR 270.2 [B] [9] [i]). "Conspiracy", in turn, is defined as an "[a]greement with one or more persons to engage in an act of misbehavior" (7 NYCRR 270.3 [b] [2]). Here, although the misbehavior report and the testimony of the correction officer who authored it plainly establishes that petitioner and three other inmates engaged in a conversation regarding how one might be able to escape from the facility, the record is devoid of any proof that petitioner had in fact agreed with one or more of the inmates to do precisely that (*see*, *Matter of Trottie v Goord*, 253 AD2d 935, 936). Absent such proof, the underlying determination must be annulled. As it appears from the record that petitioner has served his administrative penalty, the appropriate remedy is expungement (*see*, *Matter of Christian v Goord*, 246 AD2d 930, 931).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.