■ In the Matter of KARL A. HALL, JR., Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [711 NYS2d 799] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules prohibiting violent conduct, demonstrations and rioting. Initially, we note that the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of rioting, thereby requiring that this charge be annulled and expunged from petitioner's institutional record. Additionally, since the penalty imposed included a loss of good time, the matter must be remitted to respondent for a redetermination of the penalty imposed (*see, Matter of Rowe v Goord*, 257 AD2d 935).

Turning to petitioner's remaining contentions, we find that the misbehavior report and testimony of the correction officer, who heard the potentially violent remark made by petitioner in the presence of hundreds of inmates, provide substantial evidence to support the determination of guilt with respect to the remaining charges (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Any conflict in the witnesses' testimony presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Nieves v Selsky*, 263 AD2d 795, 796). Finally, even if preserved for our review, we would find petitioner's contention of Hearing Officer bias to be without merit.

Peters, J. P., Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of rioting; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.