■ In the Matter of DANNY MARCUS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [731 NYS2d 559] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules which prohibit creating a disturbance, committing arson, destroying State property, participating in actions detrimental to the facility and refusing

a direct order. The charges stem, in part, from a fire which occurred in petitioner's cell. Initially, as the Attorney General concedes, the charge of disobeying a direct order should be annulled and expunged from petitioner's institutional record inasmuch as the record confirms that the Hearing Officer failed to review that portion of the videotape which depicted the events preceding the fire in petitioner's cell which were relevant to the direct order charge. Inasmuch as the penalty imposed included a loss of good time, the matter must be remitted to respondents for a redetermination of the penalty imposed (*see, Matter of Hall v Goord*, 274 AD2d 722).

Turning to the remaining charges, we reject petitioner's assertion that the remaining charges were not supported by substantial evidence. The misbehavior report relates that a fire was started in petitioner's cell destroying State-issued mattresses, sheets, pillowcases and blankets. Petitioner was in the cell with his cellmate at the time of the incident and petitioner's lack of exclusive control of the area does not exonerate him of guilt (*see, e.g., Matter of Fugate v Goord*, 277 AD2d 626, 627; *Matter of Fernandez v Stinson*, 251 AD2d 887, 888). The misbehavior report, testimony presented at the hearing and the videotape, together with the inferences to be drawn therefrom, provide substantial evidence to support the remaining charges (*see, Matter of Scott v Goord*, 268 AD2d 631, 632). Petitioner's remaining contentions, including that he was denied meaningful employee assistance, his challenge to the adequacy of the misbehavior report and his claim of Hearing Officer bias, have been reviewed and found to be either unpreserved for our review or lacking in merit.

Crew III, J. P., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of refusing a direct order; petition granted to that extent, respondents are directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.