■ In the Matter of MARCO CRUZ, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit, Respondent. [732 NYS2d 149] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the unauthorized possession of a narcotic or controlled substance. According to the misbehavior report, a correction officer had observed a dragline being pulled into petitioner's cell. A letter and what appeared to be a sugar packet then emerged from the cell attached to the line. The

correction officer confiscated the packet, the contents of which were subsequently identified by laboratory testing as marihuana. Presented in evidence at the disciplinary hearing was the misbehavior report, the positive laboratory test results and testimony from the correction officer who had confiscated the marihuana. He stated that he had followed the dragline to petitioner's cell where he observed petitioner and his cellmate standing next to their bunks. Petitioner gave contrary testimony, averring that the marihuana belonged to his cellmate and that he had been asleep in bed during the entire transaction until he was awakened by the commotion that ensued after the correction officer approached his cell. Petitioner's cellmate testified that petitioner was standing behind the sink in the cell when the correction officer arrived; moreover, he averred that petitioner had taken no part in the incident and that the dragline and the marihuana had been exclusively his property.

We find that substantial evidence in the form of the misbehavior report, the positive laboratory test results and the testimony given by the correction officer supported the determination of petitioner's guilt (see, Matter of Roman v Selsky, 270 AD2d 519; Matter of Colon v Coombe, 232 AD2d 701). That petitioner and his cellmate testified to petitioner's innocence of the charged misconduct presented an issue of credibility that was appropriately resolved by the Hearing Officer (see, Matter of Davis v Selsky, 270 AD2d 548; Matter of Gioe v Selsky, 269 AD2d 644). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.