■ In the Matter of SHAWN THOMAS, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [736 NYS2d 194] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from participation in unauthorized organizational activity. As set forth in the misbehavior report, two correction officers were moving petitioner's cellmate to another cell when petitioner began chanting from the recreation pen, "Blood up! Blood up! Blood up!" The officers recognized this as a chant used by members of an unauthorized prison gang known as the "Bloods." At the disciplinary hearing, the misbehavior report was admitted in evidence as was a videotape from the surveillance camera positioned outside petitioner's cell. The chanted words can be heard on the tape although their source cannot be determined. The correction officer who authored the misbehavior report testified that he had not only heard the words in question, but had observed petitioner saying them. A second correction officer testified that he had received training in unauthorized inmate activities such as prison gangs and he recognized the words as a chant used as a signal by members of the Bloods.

The proof submitted at the hearing was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Marcus v Goord*, 287 AD2d 906; *Matter of Cornwall v Goord*, 284 AD2d 763, 764). Although petitioner's former cellmate testified that petitioner had remained silent while the chant was uttered by a neighboring inmate, this presented an issue of credibility for resolution by the Hearing Officer (*see, Matter of Allah v Selsky*, 265 AD2d 824; *Matter of Devodier v Selsky*, 241 AD2d 737). Petitioner's remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.