■ In the Matter of BERNARD COOPER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [776 NYS2d 638]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner challenges a disciplinary determination finding him guilty of violating the prison disciplinary rule prohibiting the destruction of state property after three holes were discovered in the security screen of his cell. Significantly, upon moving into the cell 2½ weeks earlier, petitioner had signed a cell inspection form indicating that there was no damage to his cell. This inspection form, the misbehavior report and photograph of the damaged screen, together with the inferences to be drawn therefrom, provide substantial evidence to support the determination of guilt (*see Matter of Marcus v Goord*, 287 AD2d 906, 907 [2001]). Testimony from petitioner and his cellmate that the holes in the screen were present before petitioner had moved into the cell presented a credibility issue for the Hearing Officer to resolve (*see Matter of Baptiste v Goord*, 302 AD2d 820 [2003]; *Matter of Cruz v Selsky*, 288 AD2d 517, 518 [2001]). Next, even if preserved for our review (*see Matter of Walker v Goord*, 262 AD2d 742 [1999]), we would be unpersuaded by petitioner's assertion that the misbehavior report was defective because it failed to specify petitioner's role in the incident. Although petitioner was not observed damaging the screen, the factual basis leading to the disciplinary charge provides petitioner with sufficient information to enable him to prepare a defense (*see Matter of Couch v Goord*, 255 AD2d 720, 721 [1998]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.