■ In the Matter of HECTOR LOPEZ, Petitioner, v MICHAEL MCGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [798 NYS2d 923]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a tier II disciplinary determination finding him guilty of violating the prison disciplinary rule prohibiting the damage, misuse or destruction of state property after a stain was discovered on petitioner's mattress during a random cell search. Inasmuch as the misbehavior report and the testimony of the correction officer who issued it provide substantial evidence of petitioner's guilt (*see Matter of Mathieu v Giambruno*, 9 AD3d 632, 633 [2004], *lv denied* 3 NY3d 609 [2004]; *Matter of Cooper v Selsky*, 7 AD3d 902, 903 [2004]), we confirm. Petitioner's contention that his right to submit documentary evidence at the disciplinary hearing was violated is unpersuasive since the record reveals that the documents he requested do not exist (*see Matter of Spirles v Goord*, 308 AD2d 610, 611 [2003]; *Matter of Mena v Goord*, 275 AD2d 828, 828 [2000]). Finally, nothing in the record supports petitioner's remaining contentions, including that the Hearing Officer was biased (*see Matter of Scott v Goord*, 268 AD2d 631, 632 [2000]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.