Matter of Duchnowski v Annucci (2019 NY Slip Op 01875)





Matter of Duchnowski v Annucci


2019 NY Slip Op 01875


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

526952

[*1]In the Matter of LEO DUCHNOWSKI, Petitioner,
v
ANTHONY J. ANNUCCI, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ.


Leo Duchnowski, Romulus, for petitioner.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with damaging state property, tampering with electrical outlets and possessing property in an unauthorized area. The charges stem from a correction officer observing petitioner unscrewing a light fixture in the infirmary in an attempt to create a spark in order to light a cigarette and, upon further investigation, discovering that an electrical outlet had been destroyed, another damaged and the light bulb being pulled from the socket so that it no longer worked — all of which resulted in the room being put out of service. Following a tier III disciplinary hearing at which petitioner pleaded guilty to tampering with an electrical outlet and possessing property in an unauthorized area, he was found guilty of the remaining charge and ordered to pay $150 in restitution for the items damaged. The determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Petitioner is precluded from challenging the determination finding him guilty of the charges to which he pleaded guilty (see Matter of Burroughs v Annucci, 164 AD3d 1558, 1559 [2018]). To the extent that petitioner challenges the finding that he damaged state property, the misbehavior report, petitioner's testimony, pictures of the light fixture and outlet covers, the work order and the repair list costs provide substantial evidence to support the determination of guilt as to that charge (see Matter of Battle v Pignotti, 155 AD3d 1213, 1214 [2017]; Matter of Cooper v Selsky, 7 AD3d 902, 903 [2004]). Petitioner's denial that he caused any of the damage to the outlet covers presented a credibility issue for the Hearing Officer to [*2]resolve (see Matter of Mathieu v Giambruno, 9 AD3d 632, 633 [2004], lv denied 3 NY3d 609 [2004]).
We are unpersuaded by petitioner's contention that he received an unfair hearing because the Hearing Officer relied on information submitted by a correctional facility maintenance worker regarding the cost of the repairs in the room. We note that petitioner did not request that the maintenance worker be called as a witness, nor did he raise any objection at the hearing regarding such information. We have reviewed petitioner's remaining contentions, including his challenge to the amount of restitution imposed, and find them to be without merit.
Garry, P.J., Egan Jr., Clark, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.