■ In the Matter of PATRICK DANIEL, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Judgment unanimously vacated on the law, determination confirmed and petition dismissed. Memorandum: Petitioner appeals from a judgment that dismissed his CPLR article 78 petition challenging a determination following a Tier II disciplinary hearing that he violated an inmate rule by damaging a book from the prison law library. Since an issue raised by petitioner is whether the determination is supported by substantial evidence, Special Term should not have ruled on the legal issues raised and should have transferred the matter to this court (see, CPLR 7804 [g]; *Matter of Davis v Kelly,* 145 AD2d 950). Since the matter is now properly before us, however, we may decide the issues de novo (see, *Matter of Smith v Coughlin,* 111 AD2d 503). The misbehavior report and the evidence presented at the hearing constitute substantial evidence in support of the determination (see, *People ex rel. Vega v Smith,* 66 NY2d 130). We have considered petitioner's remaining claims and find each one lacking in merit. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J.—art 78.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.

■ In the Matter of DARNELL SHANNON, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, Respondent.—Appeal unanimously dismissed as moot, in accordance with the following memorandum: Subsequent to the entry of the judgment herein, petitioner's maximum term of imprisonment expired and petitioner was discharged from the jurisdiction of the Board of Parole. Accordingly, the appeal has been rendered academic and must be dismissed as moot (see, *Matter of Stephens v New York State Div. of Parole,* 135 AD2d 637, 638). Were we to reach the merits, we would affirm because the court properly converted the habeas corpus to a CPLR article 78 proceeding (see, CPLR 103 [c]; *People ex rel. Dawson v Smith,* 69 NY2d 689; *People ex rel. South v Hammock,* 80 AD2d 947, *appeal dismissed* 53 NY2d 938) and dismissed the proceeding as time barred (see, CPLR 217; *People ex rel. Jelich v Smith,* 105 AD2d 1125, *lv denied* 64 NY2d 606). (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—habeas corpus.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.