■ In the Matter of IAN DAWES, Petitioner, v DONALD SEL-SKY, as Director of Special Housing Unit, Department of Correctional Services, Respondent. [669 NYS2d 252] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, challenges the results of a prison disciplinary hearing which found him guilty of threatening violent conduct, committing an unhygienic act and harassing a correction officer. We confirm. The misbehavior report, along with the testimony of the correction officer who authored the report and who was the object of petitioner's threatening and harassing remarks, together with petitioner's own testimony in which he admitted that he had intentionally flooded his cell with the contents of his toilet and that he would do so every time that correction officer worked on his cell block, constitute

substantial evidence of petitioner's misconduct and support the determination of guilt (*see, Matter of Nelson v Selsky*, 239 AD2d 795). Petitioner's claim that he was denied documentary evidence which would have aided in his defense, i.e., copies of grievances he had filed against facility staff, is without merit. Petitioner claimed that these documents would support his theory that the misbehavior report was partially false and written in retaliation for the grievances he had previously filed. The Hearing Officer reviewed the documents and, in our view, properly determined that they were not relevant to this matter (*see*, 7 NYCRR 254.6 [c]). Accordingly, they were properly excluded (*see, Matter of Shapard v Coombe*, 234 AD2d 744).

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.