■ In the Matter of Richard Valentin, Petitioner, v Glenn Goord, as Commissioner of the New York State Department of Correctional Services, Respondent. [687 NYS2d 208] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits inmates from encouraging others to participate in work stoppages. Petitioner challenges the determination of his guilt on the ground that it was not supported by substantial evidence. We disagree.

Among the evidence presented against petitioner at his disciplinary hearing was the misbehavior report, testimony from a correction officer who took part in the investigation and information from confidential sources. This was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Medina v Goord*, 253 AD2d 973). While it is true that the Hearing Officer did not personally interview the confidential sources, there was sufficiently detailed information from which he could properly assess their reliability (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Colon v Goord*, 245 AD2d 582, 584). The testimony given by petitioner to the effect that he was not involved in any of the events for which he was being charged merely created an issue of credibility for resolution by the Hearing Officer (*see, Matter of Moore v Goord*, 253 AD2d 927, 928; *Matter of Barreto v Coombe*, 238 AD2d 657).

Lastly, we have examined petitioner's contention that the misbehavior report failed to give him adequate notice of the charge against him and have found it to be unpreserved for our review (*see, Matter of Wyche v Coughlin*, 191 AD2d 945, 946, *lv denied* 82 NY2d 651).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.