■ In the Matter of REYNALDO AGOSTO, Petitioner, v GLENN GOORD, Respondent. [698 NYS2d 244] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated May 23, 1997, made after a Tier III disciplinary hearing, as modified by a decision of the Director of the Special Housing/Inmate Disciplinary Program, dated August 5, 1997, finding that the petitioner had violated 7 NYCRR 270.2 (B) (5) (iii), and imposing penalties.

Adjudged that the petition is granted, the determination, as modified, is annulled, without costs or disbursements, and the respondent is directed to expunge from the petitioner's institutional record all references to the charges underlying the determination.

The Commissioner's determination that the petitioner violated a prison disciplinary rule by instigating a work stoppage is not supported by substantial evidence. As in *Matter of Milland v Goord* (264 AD2d 846 [decided herewith]), the in camera testimony of the correction officer who interviewed the confidential informants was not sufficiently detailed and specific to enable the Hearing Officer to independently assess the credibility and the reliability of the informants (*see also, Matter of Cotto v Bautista,* 252 AD2d 977; *Matter of Martinez v Goord,* 248 AD2d 1001; *Matter of Holmes v Senkowski,* 238 AD2d 629; *cf., Matter of Valentin v Goord*, 259 AD2d 911; *Matter of Medina v Goord,* 253 AD2d 973). Accordingly, the determination must be annulled. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.