■ In the Matter of DAGOBERTO MILLAND, Petitioner, v GLENN GOORD, Respondent. [698 NYS2d 245] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated May 30, 1997, made after a Tier III disciplinary hearing, as modified by a decision of the Director of the Special Housing/Inmate Disciplinary Program, dated August 14, 1997, finding that the petitioner had violated 7 NYCRR 270.2 (B) (5) (iii), and imposing penalties.

Adjudged that the petition is granted, the determination, as modified, is annulled, without costs or disbursements, and the respondent is directed to expunge from the petitioner's institutional record all references to the charges underlying the determination.

Following a hearing, the petitioner was found guilty of having violated a prison disciplinary rule which prohibits inmates from leading, organizing, or participating in work stoppages. The petitioner now contends that the Commissioner's determination that he violated this rule by instigating a work stoppage is not supported by substantial evidence. We agree.

It is well settled that prison disciplinary determinations may be predicated solely upon hearsay evidence where such evidence is sufficiently reliable (see, Matter of Abdur-Raheem v Mann, 85 NY2d 113, 119). However, "a Hearing Officer in a prison disciplinary proceeding may not rely on information provided by confidential informants unless the Hearing Officer first makes an independent assessment of the informant's reliability" (Matter of Abdur-Raheem v Mann, supra, at 119). We find that the in camera testimony of the correction officer

who interviewed the confidential informants was not sufficiently detailed and specific to enable the Hearing Officer to independently assess the credibility and reliability of the informants (*see, Matter of Agosto v Goord,* 264 AD2d 840 [decided herewith]; *Matter of Cotto v Bautista,* 252 AD2d 979; *Matter of Martinez v Goord,* 248 AD2d 1001; *Matter of Holmes v Senkowski,* 238 AD2d 629). Significantly, the information initially provided to the investigating officer came from an "unproven source", and the officer's testimony completely failed to demonstrate the basis of knowledge for the information provided by either the unproven source or the other sources who allegedly confirmed that the petitioner was an instigator of the work stoppage (*see, Matter of Agosto v Goord, supra; Matter of Cotto v Bautista, supra*). We note that in two recent cases arising out of the same work stoppage incident at the Downstate Correctional Facility, the Third Department confirmed determinations that the inmates had violated prison disciplinary rules (*see, Matter of Valentin v Goord,* 259 AD2d 911; *Matter of Medina v Goord,* 253 AD2d 973). However, in contrast to the case at bar, in those cases the testimony of the investigating officer was sufficiently detailed to allow the Hearing Officer to properly assess the reliability of the confidential sources. Accordingly, we find *Matter of Valentin v Goord (supra),* and *Matter of Medina v Goord (supra),* to be factually distinguishable. Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.