■ In the Matter of LLOYD QUILES, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [707 NYS2d 256] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing disposing of two misbehavior reports, petitioner, a prison inmate, was found guilty of creating a disturbance, fighting, interfering with an employee, refusing a direct order, two instances of violent conduct and two instances of assault on staff. These charges resulted from an altercation between petitioner and another inmate during which correctional staff was assaulted.

Contrary to petitioner's contention, the two misbehavior reports together with the testimony of various witnesses, including the two correction officers who authored the reports and several inmates who were eyewitnesses to the misconduct, as well as a note in which petitioner admitted to hitting a correction officer in question, were sufficient to constitute substan-

tial evidence of petitioner's guilt (*see, Matter of Green v Selsky*, 264 AD2d 908, *lv denied* 94 NY2d 757). We also reject petitioner's contention that he was denied the right to call a witness. The Hearing Officer properly refused petitioner's request to call a facility nurse to establish that there were no visible marks on the correction officer's face as a result of the altercation since the Hearing Officer acknowledged this to be the fact, and the degree of injury, if any, is irrelevant to the assault charge. A witness whose testimony would be irrelevant or redundant does not need to be called (*see, Matter of Watson v Goord*, 265 AD2d 700; *Matter of Covington v Goord*, 262 AD2d 803).

Cardona, P. J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.