■ In the Matter of ANGEL CLAUDIO, Petitioner, v DONALD SELSKY, as Director of Special Housing and Disciplinary Programs, Respondent. [711 NYS2d 355] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of assault on another inmate based upon the misbehavior report outlining the circumstances of the assault, the testimony of various witnesses and petitioner's

own plea of guilty to the charge. Initially, we note that petitioner's guilty plea to the charged violation precludes him from challenging the determination on substantial evidence grounds (*see, Matter of Matos v Goord*, 271 AD2d 767; *Matter of Garcia v Goord*, 270 AD2d 540). Nonetheless, were we to consider this issue, we would find that substantial evidence supports the determination of petitioner's guilt (*see, Matter of Green v Selsky*, 264 AD2d 908, *lv denied* 94 NY2d 757). The Hearing Officer properly refused petitioner's request to call a doctor to testify whether the injuries sustained during the altercation were consistent with a fist fight. The facility Nurse Administrator had already testified on the issue and a witness whose testimony would be redundant does not need to be called (*see, Matter of Quiles v Goord*, 271 AD2d 775). In addition, a physician would have been no better qualified to address petitioner's specific inquiry—whether the injuries could have been inflicted by an experienced boxer or martial arts expert— than was the Nurse Administrator. Petitioner's remaining contentions, including his claim of Hearing Officer bias, have been examined and found to be without merit.

Mercure, J. P., Crew III, Carpinello, Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.