■ In the Matter of WAI NG, Petitioner, v GLENN S. GOORD, as Commissioner for the New York Department of Correctional Services, Respondent. [729 NYS2d 797] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting inmates from creating a disturbance, interfering with an employee and refusing a direct order. The misbehavior report relates that while waiting in line at the commissary, petitioner bumped into a correction officer. The correction officer then directed petitioner to clear a path in the crowded corridor, whereupon petitioner became hostile and loud causing the 80 other inmates present to become agitated. The correction officer ordered petitioner to place his hands in his pockets and escorted him to another area to be pat frisked. Upon completion of the pat frisk and while the correction officer went to retrieve petitioner's identification card from the commissary officer, petitioner removed his hands from his pockets and began to approach a sergeant who had arrived on the scene. Despite orders to do so, petitioner refused to put his hands back in his pockets, at which point physical force was used to restrain him.

To the extent that petitioner raises a substantial evidence issue herein, we find that the misbehavior report, together with the testimony adduced at the hearing, constitute substantial evidence to support the determination of guilt (*see, Matter of Foster v Coughlin,* 76 NY2d 964; *Matter of Quiles v Goord,* 271 AD2d 775). Any inconsistencies in the hearing testimony created a credibility issue for resolution by the Hearing Officer (*see, Matter of Evans v Selsky,* 278 AD2d 780).

Moreover, we are unpersuaded by petitioner's assertion that the Hearing Officer abused his discretion in failing to recall the sergeant in order to clarify certain aspects of his testimony. Petitioner was accorded a full opportunity to cross-examine the sergeant and, given the testimony of two other eyewitnesses,

has failed to demonstrate that any further testimony of this witness would not have been redundant (*see, Matter of Russell v Selsky*, 283 AD2d 890; *Matter of Jones v Goord*, 274 AD2d 902). Finally, we reject petitioner's argument that the misbehavior report was defective in that it failed to provide sufficient notice of the factual basis for the charges to enable petitioner to adequately prepare a defense (*see, Matter of Green v Senkowski*, 276 AD2d 1006, *appeal dismissed* 95 NY2d 926; *Matter of Maya v Goord*, 272 AD2d 724, *lv denied* 96 NY2d 704). Contrary to petitioner's contention, it was unnecessary that the misbehavior report recite in evidentiary detail all aspects of the incident (*see, id.*). We have examined petitioner's remaining arguments and find that they are unpreserved for our review and, in any event, lack merit.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.