■ In the Matter of KENNETH INNIS, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [734 NYS2d 512] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with violating the prison disciplinary rule that prohibits inmates from, *inter alia*, urging other inmates to participate in an inmate strike or work stoppage (*see*, 7 NYCRR 270.2 [B] [5] [iii]). Following a tier III disciplinary hearing, petitioner was found guilty and a penalty of 18 months in a special housing unit, with a corresponding loss of privileges and good time, was imposed. Upon administrative review, the penalty was reduced to six months in a special housing unit, together with a corresponding loss of privileges and good time. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, seeking to annul the underlying determination.

Contrary to petitioner's assertion, the misbehavior report at issue contained sufficient information to afford petitioner an opportunity to prepare a defense. Viewed in the context of a lengthy, ongoing investigation, the failure of the misbehavior report to specify the precise places, dates and times during which petitioner engaged in the prohibited conduct is not fatal (*see, Matter of Mays v Goord,* 285 AD2d 847, *lv denied* 97 NY2d 603; *Matter of Moore v Goord,* 279 AD2d 682, 683). Nor are we persuaded that the record as a whole fails to contain substantial evidence to support the determination of petitioner's guilt. The misbehavior report, together with the testimony of its author and the confidential information presented at the hearing, was sufficient to sustain the underlying charge. Additionally, the confidential information disclosed at the hearing was sufficiently detailed to permit the Hearing Officer to make an independent assessment of the informants' reliability and credibility (*compare, Matter of Shannon v Goord,* 282 AD2d 909, *and Matter of Valentin v Goord,* 259 AD2d 911, *lv denied* 93 NY2d 817, *with Matter of Milland v Goord,* 264 AD2d 846). Accordingly, the determination of petitioner's guilt is confirmed.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.