■ In the Matter of JOHN WHITFIELD, Petitioner, v BRIAN
FISCHER, Respondent. [739 NYS2d 720] —Proceeding pursuant to
CPLR article 78 to review a determination of the Superinten-
dent of the Sing Sing Correctional Facility, New York State
Department of Correctional Services, dated September 19,
2000, which confirmed a determination of a Hearing Officer
dated September 8, 2000, made after a Tier II disciplinary
hearing, finding the petitioner guilty of violating a prison
disciplinary rule prohibiting the possession of stolen property,
and imposing a penalty.

Adjudged that the petition is granted, on the law, with costs,
the determination is annulled, and the respondent is directed
to expunge from the petitioner's institutional record all refer-
ences to the charges underlying the determination.

The petitioner, an inmate at Sing Sing Correctional Facility,
was found guilty of violating a disciplinary rule proscribing
possession of stolen property (see, 7 NYCRR 270.2 [B] [17] [iv]).
These charges arose from his failure to return three overdue
books to the prison library. The petitioner returned the books
after receiving notice of the charges, and he testified, inter
alia, that he was unaware that they were overdue. Because the
petitioner had borrowed books in the past, the Hearing Officer
presumed that he was familiar with library rules, and
determined that his guilt could be "assumed" from the mere
failure to return the books even absent proof of larcenous
intent. We disagree.

Contrary to the respondent's contention, the charge against
the petitioner was not established by substantial evidence (see,
Matter of Agosto v Goord, 264 AD2d 840). The evidence ad-
duced at the hearing established only that the petitioner
unintentionally retained three borrowed library books beyond
the date for their return; he immediately returned them upon
being notified that they were overdue. His behavior does not

give rise to an inference of any intentional wrongdoing with regard to the books and can be distinguished from cases in which inmates intentionally damage library books or otherwise evidence an intent to prevent their recovery (*see, Matter of Benton v Couture,* 269 AD2d 642; *Matter of Webb v Goord,* 254 AD2d 551; *Matter of Daniel v Coughlin,* 147 AD2d 896). Accordingly, absent any proof of criminal intent, the respondent's determination must be annulled (*see, Matter of Walker v Goord,* 262 AD2d 742; *Matter of Trottie v Goord,* 253 AD2d 935; *Matter of Rand v Herbert,* 219 AD2d 878; *cf., Matter of Dawes v Selsky,* 247 AD2d 773; *Matter of Jackson v Dufrain,* 221 AD2d 778). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.