■ In the Matter of JOSEPH CORREA, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [749 NYS2d 294] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from physically interfering with a correctional facility employee. The misbehavior report was written by a correction counselor who testified that she was conversing with inmates regarding the facility's program for veterans when petitioner came up behind her and placed his hands on her upper arms in order to move her out of his way. The counselor interrupted her conversation to stop petitioner and admonish him that physical contact of any sort with a facility employee is prohibited. Petitioner started to walk away while the counselor was addressing him. He returned pursuant to her order; however, he began to walk away a second time while she continued her efforts to speak to him.

Included in the evidence presented at petitioner's disciplinary hearing was the detailed misbehavior report, the testimony given by the counselor who wrote it based upon her firsthand observation of the conduct in question, and the testimony of a correction officer who was present at the time of the incident and had observed petitioner physically moving the counselor out of his way. Further evidence of petitioner's guilt was embodied in a letter which he sent to the counselor the day after the incident, apologizing for what he characterized as "gently tapping" her shoulder. We conclude that this evidence was sufficient to constitute substantial evidence of petitioner's guilt (*see Matter of Bennett v Bintz*, 290 AD2d 791, *appeal*

---

*dismissed, lv denied* 98 NY2d 687; *Matter of Cliff v Brady*, 290 AD2d 895, *lv dismissed, lv denied* 98 NY2d 642).

Petitioner's exculpatory testimony, in which he alleged that he had inadvertently touched the counselor after she backed into him, raised an issue of credibility for resolution by the Hearing Officer (*see Matter of Collazo v Senkowski*, 282 AD2d 851, 852), as did his assertion that the counselor had concocted the misbehavior report in retaliation for his having "gone over her head" to obtain admission to her program (*see Matter of Dawes v Selsky*, 280 AD2d 816, 817, *lv denied* 96 NY2d 712). Petitioner's remaining contentions, including his assertion of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.