*847 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.
Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from interfering with an employee, harassment, refusing a direct order and refusing to submit to a frisk. As related in the misbehavior report, petitioner was leaving the facility’s recreation yard when a correction officer gave him a direct order to proceed to the frisk area. Petitioner responded by addressing an obscene remark to the officer. He then refused to comply with orders to place his hands on the fence so that he could be frisked.
Substantial evidence of petitioner’s guilt was presented at his disciplinary hearing in the form of the misbehavior report and the testimony given by the correction officer who prepared the report based upon his observation of and participation in the incident, as well as by the testimony of a second officer who was required to assist the reporting officer in subduing petitioner (see Matter of Vasquez v Goord, 301 AD2d 986 [2003]; Matter of Burr v Goord, 284 AD2d 778 [2001], lv denied 97 NY2d 601 [2001]). Any inconsistencies present in the hearing testimony created credibility issues for resolution by the Hearing Officer (see Matter of Wai Ng v Goord, 285 AD2d 791 [2001], appeal dismissed and lv denied 97 NY2d 671 [2001]).
We reject petitioner’s contention that the entry of an incorrect date on the hearing disposition form indicates that the Hearing Officer had prejudged his guilt. As petitioner failed to raise this issue in his administrative appeal, it has not been preserved for our review (see Matter of Hunt v Goord, 252 AD2d 982, 982 [1998]). In any event, were we to consider it, we would be unpersuaded. The correct decision date of the hearing is ac *848 curately listed on several other documents relating to this matter. It is apparent that this clerical error had no prejudicial impact upon the outcome of petitioner’s case nor does it indicate that petitioner’s hearing was conducted in other than a fair and impartial manner (see Matter of Samuel v Goord, 277 AD2d 584, 585 [2000]). The remaining issues raised by petitioner have been examined and found to be without merit.
Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.