■ In the Matter of SANTIAGO RAMIREZ, Appellant, v SUSAN I. SCHULTZ, Respondent. [787 NYS2d 57]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Susan I. Schultz, Superintendent of the Mid-Orange Correctional Facility, dated July 31, 2003, which affirmed the determination of a Hearing Officer, made after a Tier II disciplinary hearing, finding that the petitioner was guilty of violating certain prison disciplinary rules and imposing a penalty.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the penalties and surcharge are vacated, and the respondent is directed to expunge from the petitioner's institutional record all references to the charges underlying the determination.

The petitioner, an inmate at Mid-Orange Correctional Facility, was found guilty of violating disciplinary rules proscribing destruction of state property (*see* 7 NYCRR 270.2 [B] [17] [i]), interference with an employee (*see* 7 NYCRR 270.2 [B] [8] [i]), and creating a disturbance (*see* 7 NYCRR 270.2 [B] [5] [iv]). These charges were based upon an incident that occurred when the petitioner, as a representative of an inmate committee, attempted to negotiate with a prison official over the committee's involvement in planning and staffing an upcoming family-day picnic. When the petitioner was unable to obtain the terms desired by the committee, he tore up a paper requisition form rescinding the committee's voluntary monetary donation to the event. He then placed the torn form in a trash receptacle and left the official's office.

The respondent concedes that the petitioner's guilt of the charge of creating a disturbance was not established by substantial evidence (*see Matter of Whitfield v Fischer*, 291 AD2d 504 [2002]). This concession is well-founded as the uncontroverted hearing testimony demonstrated that the petitioner remained in control of his voice and behavior during the incident. In addition, the respondent's contention that the petitioner interfered with a prison employee is not supported by substantial evidence. There was no physical contact between the petitioner and any employee (*cf. Matter of Otero v Selsky*, 9 AD3d 631 [2004]; *Matter of Porter v Goord*, 7 AD3d 847 [2004]; *Matter of Correa v Goord*, 298 AD2d 730 [2002]; *Matter of Giles v Selsky*, 287 AD2d 829 [2001]; *Matter of Wai Ng v Goord*, 285 AD2d 791 [2001]; *Matter of Cornwall v Goord*, 284 AD2d 763 [2001]), nor did the petitioner engage in any improper behavior that caused the involved employee to respond in a manner that

interfered with his duties (cf. *Matter of Goncalves v Donnelly*, 9 AD3d 721 [2004]; *Matter of Ragin v Goord*, 1 AD3d 842 [2003]; *Matter of Young v Bennett*, 1 AD3d 846 [2003]; *Matter of Montcrieft v Goord*, 308 AD2d 648 [2003]; *Matter of Anderson v Ricks*, 306 AD2d 715 [2003]; *Matter of Johnson v Goord*, 300 AD2d 785 [2002]; *Matter of Bennett v Bintz*, 290 AD2d 791 [2002]; *Matter of Lynch v Goord*, 285 AD2d 878 [2001]; *Matter of Burr v Goord*, 276 AD2d 947 [2000], *lv denied* 96 NY2d 701 [2001], *cert denied* 532 US 935 [2001]; *Matter of Izquierdo v Goord*, 275 AD2d 494 [2000]). The record is devoid of any proof of interference.

Finally, although the petitioner did tear up the requisition form memorializing his committee's donation, the record demonstrates that the petitioner was acting on the authority of his committee to withdraw its voluntary donation, and that the form upon which it had been written was of no further use. Under the circumstances, the tearing up of this useless paper, followed by the petitioner depositing it in a trash can, is not equivalent to the destruction of valuable state property as proscribed by 7 NYCRR 270.2 (B) (17) (i) (cf. *Matter of Mathieu v Giambruno*, 9 AD3d 632 [2004], *lv denied* 3 NY3d 609 [2004]; *Matter of Brown v Selsky*, 5 AD3d 905 [2004]; *Matter of Gantt v Girdich*, 1 AD3d 668 [2003]; *Matter of Marcus v Goord*, 287 AD2d 906 [2001]; *Matter of Tam v Goord*, 284 AD2d 694 [2001]; *Matter of Navarro v Selsky*, 249 AD2d 654 [1998]). The respondent's determination to the contrary was arbitrary and capricious, and unsupported by substantial evidence (*see Matter of Whitfield v Fischer, supra*).

The petitioner's remaining contentions are academic. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.