Matter of Estremera v Fraser (2024 NY Slip Op 01363)

Matter of Estremera v Fraser

2024 NY Slip Op 01363

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

CV-23-0181
[*1]In the Matter of Roberto Estremera, Petitioner,
v
Colin Fraser, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:February 9, 2024

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Roberto Estremera, Bronx, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with refusing a direct order, engaging in disorderly conduct, creating a disturbance and engaging in an unhygienic act stemming from petitioner pushing an unknown liquid from his cell into the company hallway. Following a tier III disciplinary hearing, petitioner was found guilty of engaging in an unhygienic act and not guilty of the remaining charges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. The misbehavior report, testimony from its author, the videotape evidence and petitioner's testimony that he pushed water from an overflowing toilet out of his cell and into the company hallway provide substantial evidence to support the determination finding petitioner guilty of engaging in an unhygienic act (see Matter of Dawes v Selsky, 247 AD2d 773, 773-774 [3d Dept 1998], lv denied 92 NY2d 802 [1998]). To the extent that petitioner contends that the entire disciplinary hearing was not recorded because the video of the incident was initially viewed off the record, such contention is not preserved as petitioner did not object at the hearing at the time that it could have been addressed (see Matter of Washington v Annucci, 160 AD3d 1248, 1249 [3d Dept 2018]). Petitioner's remaining contention alleging Hearing Officer bias is also unpreserved as it was not raised on administrative appeal (see Matter of Stewart v Collado, 214 AD3d 1229, 1230 [3d Dept 2023]). In any event, were we to consider these issues, we would find them to be without merit.
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.